United States Courts
Southern District of Texas
FILED

JUN 29 2026 RLT

Nathan Ochsner, Clerk
Laredo Division

**AFFIDAVIT OF TRANSLATION**

I, **Jose Antonio Naranjo Lopez**, hereby declare and affirm the following:

1. I am fluent in both the English and Spanish languages.

2. I am competent to translate documents from Spanish to English and English to Spanish.

3. On 06/25/2026, I translated the document titled **PETITIONER'S REPLY TO RESPONDENTS' RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO DISMISS,** typed, originally written in Spanish, into English.

4. The translation I provided is a complete and accurate rendering of the original document to the best of my knowledge and ability.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 25 day of June, *20* 26, in San Antonio, Texas.

**Signature:** ______________________

**Name:** Jose Antonio Naranjo Lopez

**Phone Number:** 512-680-8363

**Email:** texaspne@gmail.com

**EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO SUR DE TEXAS**
**DIVISIÓN DE LAREDO**

**IRMA GRACIELA ESTRADA-TÉLLEZ,**
Peticionaria,

**v.**

**WARDEN, et al.,**
Demandados.

**ACCIÓN CIVIL NO. 5:26-CV-00995**

# RÉPLICA DE LA PETICIONARIA A LA RESPUESTA DE LOS DEMANDADOS Y A LA MOCIÓN DE DESESTIMACIÓN

Irma Graciela Estrada-Téllez
A# 221-224-270, Pro Se
Centro de Procesamiento de Laredo
4702 E. Saunders, Laredo, Texas 78041

25 de junio de 2026

25 de junio de 2026

Secretaría del Tribunal

Tribunal de Distrito de los Estados Unidos

Distrito Sur de Texas, División de Laredo

1300 Victoria Street, Laredo, Texas 78040

**Asunto: Réplica de la Peticionaria a la Respuesta de los Demandados a la Petición de Writ de Hábeas Corpus y Moción de Desestimación**

**Irma Graciela Estrada-Téllez v. Warden, et al. | No. de Acción Civil 5:26-CV-00995**

Estimada Secretaría del Tribunal:

Mi nombre es Irma Graciela Estrada-Téllez. Soy la Peticionaria en el caso arriba referenciado, actualmente detenida en el Centro de Procesamiento de Laredo. Presento esta Réplica en respuesta a la Respuesta del Gobierno a mi Petición de Writ de Hábeas Corpus y Moción de Desestimación, presentada el 10 de junio de 2026.

Presento esta Réplica en forma pro se, sin la asistencia de un abogado, porque no puedo costear uno. En mi Réplica explico por qué los argumentos del Gobierno no responden a los reclamos reales planteados en mi Petición, y pongo en conocimiento del Tribunal hechos adicionales sobre mi condición médica que han surgido desde que presenté mi Petición.

Adjunto encontrará el siguiente documento:

1. Réplica de la Peticionaria a la Respuesta de los Demandados a la Petición de Writ de Hábeas Corpus y Moción de Desestimación, con Prueba de Servicio.

Solicito respetuosamente que el Tribunal acepte esta presentación y considere los argumentos y hechos expuestos en ella. Agradezco al Tribunal su tiempo y atención a este asunto.

Con todo respeto,

Irma Graciela Estrada-Téllez

A# 221-224-270, Pro Se

Centro de Procesamiento de Laredo

4702 E. Saunders, Laredo, Texas 78041

**EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO SUR DE TEXAS
DIVISIÓN DE LAREDO**

**IRMA GRACIELA ESTRADA-TÉLLEZ, Peticionaria,
v. No. de Acción Civil: 5:26-CV-00995
WARDEN, et al., Demandados.**

---

**RÉPLICA DE LA PETICIONARIA A LA RESPUESTA DE LOS DEMANDADOS Y A LA MOCIÓN DE DESESTIMACIÓN**

---

Yo, Irma Graciela Estrada-Téllez, Peticionaria, actuando en forma pro se, presento respetuosamente esta Réplica a la Respuesta de los Demandados a la Petición de Writ de Hábeas Corpus y Moción de Desestimación por Falta de Fundamento de Acción ("Respuesta"), presentada el 10 de junio de 2026. Por las razones expuestas a continuación, la Moción de Desestimación de los Demandados debe ser denegada, y debe concederse a la Peticionaria el remedio solicitado.

## I. INTRODUCCIÓN

La Respuesta de los Demandados no controvierte ni una sola alegación fáctica específica de las expuestas en mi declaración. Los Demandados no niegan que mis pertenencias personales fueron confiscadas y desechadas al ingresar a la custodia. No niegan que me proporcionaron alimentos caducados. No niegan que se me negó o restringió el acceso a la biblioteca legal de forma contraria a las reglas publicadas de la instalación. No niegan que se bloqueó mi acceso al teléfono después de que intenté presentar quejas. No niegan que padezco presión alta y asma, ni que mis necesidades médicas han sido atendidas de forma inadecuada. En su lugar, los Demandados se apoyan exclusivamente en dos proposiciones legales generales — que estoy sujeta a detención obligatoria bajo 8 U.S.C. § 1225(b)(2)(A), y que los reclamos sobre condiciones de confinamiento son

categóricamente inadmisibles en hábeas — ninguna de las cuales responde a las violaciones constitucionales que realmente he alegado.

El silencio de los Demandados respecto a las alegaciones fácticas específicas de la Petición constituye una aceptación de esos hechos para los efectos de esta Moción de Desestimación. Véase Regla Federal de Procedimiento Civil 8(b)(6) (una alegación se considera admitida si se requiere una respuesta y la alegación no es negada). Cuando, como en este caso, el Gobierno no logra controvertir alegaciones fácticas específicas y detalladas respaldadas por una declaración jurada, este Tribunal debe aceptar esos hechos como verdaderos para resolver la Moción de Desestimación. Véase Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).

## II. LOS DEMANDADOS CARACTERIZAN ERRÓNEAMENTE LA NATURALEZA DE LA PETICIÓN

El argumento principal de los Demandados — que estoy sujeta a detención obligatoria bajo 8 U.S.C. § 1225(b)(2)(A) conforme a Buenrostro v. Bondi, 166 F.4th 494 (5th Cir. 2026) — responde a un reclamo que no he planteado. La Petición no impugna la autoridad legal para mi detención, ni busca mi liberación bajo la teoría de que mi detención no está autorizada por 8 U.S.C. § 1225(b)(2). Los propios Demandados lo reconocen: señalan, correctamente, que "la Peticionaria no alega que su detención bajo 8 U.S.C. § 1225(b)(2) viole la Quinta Enmienda" en el sentido que aborda Buenrostro. Respuesta, pág. 3. Por lo tanto, Buenrostro no rige ni excluye los reclamos que realmente se plantean en esta Petición.

La Petición impugna las condiciones bajo las cuales he sido confinada — condiciones que, en conjunto, se alega que equivalen a un castigo impuesto a una detenida civil en violación de la Cláusula del Debido Proceso de la Quinta Enmienda. Véase Bell v. Wolfish, 441 U.S. 520, 535

(1979) (las condiciones de la detención preventiva o civil violan el debido proceso cuando equivalen a un castigo, ya sea por una intención expresa de castigar o por restricciones y privaciones que no guardan una relación razonable con un objetivo gubernamental legítimo). La autoridad de detención obligatoria bajo el § 1225(b)(2)(A) solo se refiere a si el gobierno puede detenerme en absoluto; no exime al gobierno del requisito constitucional independiente de que la manera y las condiciones de esa detención no violen, en sí mismas, el debido proceso. Véase Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (los detenidos civiles tienen derecho a condiciones de confinamiento que no equivalgan a un castigo, independientemente de la legalidad de la autoridad de detención subyacente).

De manera alternativa, y sin renunciar al reclamo basado en condiciones que constituye el fundamento principal de esta Petición, señalo que, en la medida en que mi detención continua y prolongada — que ya se extiende por más de cuatro meses sin ninguna audiencia de fianza individualizada — se considere junto con las condiciones aquí descritas, el efecto acumulativo plantea una preocupación independiente de debido proceso bajo Mathews v. Eldridge, 424 U.S. 319, 335 (1976) y Demore v. Kim, 538 U.S. 510, 531 (2003) (la detención durante el proceso de deportación es permisible únicamente como "una parte constitucionalmente permisible de ese proceso", no como una privación indefinida desvinculada de toda determinación individualizada). La Respuesta de los Demandados no aborda esta preocupación, ya que interpreta la Petición únicamente a través del fallo estatutario de Buenrostro.

## III. LOS RECLAMOS SOBRE CONDICIONES DE CONFINAMIENTO QUE EQUIVALEN A UN CASTIGO SON COGNOSCIBLES EN HÁBEAS BAJO LAS CIRCUNSTANCIAS AQUÍ PRESENTADAS

Los Demandados argumentan que los reclamos sobre condiciones de confinamiento son categóricamente inadmisibles en una petición de hábeas conforme al § 2241, citando Rice v. Gonzalez, 985 F.3d 1069 (5th Cir. 2021), Pierre v. United States, 525 F.2d 933 (5th Cir. 1976), y Cook v. Hanberry, 596 F.2d 658 (5th Cir. 1979). La invocación de estos casos por parte de los Demandados es incorrecta por dos razones independientes.

Primero, cada uno de los casos citados por los Demandados involucró a un preso federal o estatal sentenciado que buscaba alivio de hábeas frente a condiciones ordinarias de confinamiento penal — no a una detenida civil de inmigración que impugna condiciones que equivalen a un castigo sin existir condena penal alguna. El estándar constitucional que rige la detención civil es categóricamente distinto, y más protector, que el estándar que rige el encarcelamiento posterior a una condena. Compárese Bell, 441 U.S. en 535 (los detenidos civiles no pueden ser castigados en absoluto), con Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (los presos condenados pueden ser sometidos a condiciones que forman parte de la pena por su delito, sujeto únicamente a la prohibición de la Octava Enmienda contra castigos crueles e inusuales). Los Demandados no citan ninguna autoridad del Quinto Circuito que sostenga que el reclamo de una detenida civil de inmigración bajo la Quinta Enmienda por castigo sea no cognoscible en hábeas.

Segundo, cuando las condiciones de confinamiento civil son tan severas, prolongadas o ajenas a cualquier propósito gubernamental legítimo que transforman una custodia por lo demás legal en una custodia ilegal, el hábeas sigue siendo un remedio disponible porque la peticionaria ya no impugna el mero hecho de la detención, sino la legalidad de la custodia misma tal como se administra actualmente. Véase Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973) (el hábeas

procede cuando el remedio solicitado alteraría, en esencia, el hecho o la duración de la custodia, incluyendo las condiciones bajo las cuales se administra la custodia cuando esas condiciones hacen ilegal la custodia misma). Mi declaración y los registros médicos suplementarios presentados junto con esta réplica establecen exactamente esas circunstancias: confiscación de pertenencias y documentos de identificación, suministro de alimentos caducados e inadecuados, negación represaliatoria del acceso al teléfono y a la biblioteca legal después de presentar quejas, y un patrón documentado de atención médica tardía y deficiente ante síntomas graves y continuos. Estas no son meras inconveniencias incidentales de la detención; en conjunto, describen condiciones que ningún interés gubernamental legítimo justifica imponer a una detenida civil.

## IV. HECHOS SUPLEMENTARIOS: MI CONDICIÓN MÉDICA HA CONTINUADO DETERIORÁNDOSE DESDE LA PRESENTACIÓN DE LA PETICIÓN

Desde la presentación de la Petición el 25 de mayo de 2026, mi condición médica ha continuado deteriorándose, lo cual confirma aún más el patrón de atención médica inadecuada alegado en la Petición. Estos hechos se presentan como hechos suplementarios, ocurridos posteriormente, en apoyo del reclamo sobre condiciones de confinamiento ya planteado ante este Tribunal, y no son controvertidos por la Respuesta de los Demandados, la cual fue presentada el 10 de junio de 2026 — después de cada uno de los eventos descritos a continuación — y sin embargo no aborda ninguno de ellos.

El 2 de junio de 2026, presenté una Solicitud de Consulta Médica reportando acidez, dolor de espalda baja, y dolor en la rodilla y el tobillo izquierdo, persistente por tres días. La solicitud no fue recibida por el personal médico hasta el día siguiente, 3 de junio de 2026. Véase Anexo L.

El 6 de junio de 2026, presenté una segunda solicitud reportando náusea y vómito persistentes por tres días. La respuesta del personal médico se limitó a un medicamento antinauseoso y

"tranquilización", con una anotación que me refería a servicios de salud mental y a un Practicante Independiente Licenciado, pero sin fecha de cita de seguimiento documentada. Véase Anexo M.

El 17 de junio de 2026, presenté una tercera solicitud reportando una verruga genital de quince días de duración, sangrado rectal de tres días de duración, y pie de atleta de una semana de duración, solicitando específicamente que se me realizara un papanicolau. La respuesta del personal médico me refirió a servicios de ginecología "en la próxima fecha disponible", sin proporcionar una fecha programada, y trató el sangrado rectal de manera presuntiva como hemorroidal sin evaluación diagnóstica adicional. Véase Anexo N.

Estos hechos suplementarios confirman lo que alegué en mi declaración original: que mis quejas médicas graves y recurrentes son recibidas con demora, tranquilización genérica, y tratamiento sintomático en lugar de una evaluación diagnóstica oportuna — un patrón consistente con indiferencia deliberada ante necesidades médicas graves. Véase Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc) (el derecho constitucional de un detenido a recibir atención médica se viola por la indiferencia deliberada de los funcionarios ante un riesgo sustancial de daño grave); Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). El sangrado rectal y una lesión genital sin evaluar, dejados durante semanas sin una evaluación ginecológica programada, presentan precisamente el tipo de condiciones médicas graves y potencialmente progresivas que requieren algo más que un aplazamiento indefinido a la "próxima fecha disponible".

## <u>V. CONCLUSIÓN</u>

Por las razones expuestas, solicito respetuosamente a este Tribunal que deniegue en su totalidad la Moción de Desestimación de los Demandados, y que me conceda el remedio solicitado en la

Petición, incluyendo una orden que atienda las condiciones inconstitucionales de mi confinamiento y cualquier otro remedio que el Tribunal considere justo y apropiado.

Declaro bajo pena de perjurio que lo anterior es verdadero y correcto según mi leal saber y entender.

Con todo respeto,

Irma Graciela Estrada-Téllez

A# 221-224-270, Pro Se

Laredo Processing Center

4702 E. Saunders, Laredo, Texas 78041

25 de junio de 2026

**PRUEBA DE SERVICIO**

Certifico que el 25 de junio de 2026, una copia fiel y exacta de la Réplica anterior fue notificada, mediante correo de los Estados Unidos y/o conforme a los procedimientos de correo legal de la instalación, al siguiente abogado de registro de los Demandados:

Alexander McDonough

Asistente Especial del Fiscal de los Estados Unidos

Oficina del Fiscal de los Estados Unidos

Distrito Sur de Texas

600 E. Harrison, Ste. 201

Brownsville, TX 78520-5106

Irma Graciela Estrada-Téllez

Peticionaria Pro Se

# Solicitud de consulta médica

**Parte A: (Debe completarla el recluso que sea el paciente)**

Nombre (en letra de molde): Irma Estrada Felez Fecha: 6/6/26

Número 221224270 Fecha de nacimiento:

Trabajo asignado

Horario de trabajo Vivienda asignada Dorm 1H6

Motivo de la solicitud de una cita para Servicios Médicos **(SEA ESPECÍFICO)**:

nausea y vomito

¿Cuánto tiempo ha tenido este problema? 3 días

Firma del recluso paciente: X [signature]

(el nombre aparece en la parte superior de la página)

**NO ESCRIBA DEBAJO DE ESTA LINEA**

**Part B: (To be completed by Health Services Staff)**

**Date Received** 6/6/26 **Time:** 0730

Health Services Reply:

(1) Reassurance
(2) ondansetron 4mg 1 tab po TID x 4 days PRN
(3) Refer to mHC
(4) Refer to LIP
(5) F/U PRN

Health Services Signature: [signature]

Date: 6/6/26 Time: 0730

X [signature]

White Copy: To Medical Records Yellow Copy: To Patient Inmate/Resident

Proprietary Information - Not For Distribution - Copyright - Property of CCA

(3-1-1-1)

654629

# Sick Call Request

**Part A: (To be completed by patient inmate/resident)**

Name (Print): Irma Graciela Estrada Tellez Date: 2 / Junio / 2026

Number: 22122470 Date of Birth: 16/Nov/85.

Work Assignment:

Work Hours: Housing Assignment:

Reason for requesting Health Services Appointment **(BE SPECIFIC)**:

Acidez, dolor de espalda baja, dolor en la rodilla y tobillo izquierdo

How long have you had this problem? 3 días

Patient Inmate/Resident Signature: [signature]

(name already listed at top of page)

**DO NOT WRITE BELOW THIS LINE**

**Part B: (To be completed by Health Services Staff)**

**Date Received** **Time:** 0300

Health Services Reply:

1. Reassure

2. Acetaminophen 500, 2 tabs oral three times for 6 days for 4 days

3. Omeprazole 20, 1 cap oral daily for 14 days

4. follow-up as needed

Health Services Signature: [signature]

Date: 6/3/26 Time: 0928

White Copy: To Medical Records Yellow Copy: To Patient Inmate/Resident

[signature]

Proprietary Information - Not For Distribution - Copyright - Property of CCA

6554629

# Solicitud de consulta médica

**Parte A: (Debe completarla el recluso que sea el paciente)**

Nombre (en letra de molde): Irma Graciela Estrada Téllez Fecha: 06/12/26

Número 221224270 Fecha de nacimiento: 11/16/85.

Trabajo asignado

Horario de trabajo Vivienda asignada 1

Motivo de la solicitud de una cita para Servicios Médicos **(SEA ESPECÍFICO)**: me salio una verruga en mi parte intima y solicito me realizen un papanicolao y estoy sangrando por el recto, al igual que me salio pie deatleta en el pie izquierdo

¿Cuánto tiempo ha tenido este problema? 15 dias la verruga que note, el sangrado 3 dias y una semana el pie de atleta.

Firma del recluso paciente: [signature]

(el nombre aparece en la parte superior de la página)

**NO ESCRIBA DEBAJO DE ESTA LINEA**

---

**Part B: (To be completed by Health Services Staff)**

**Date Received** **Time:** 0300

Health Services Reply:

(1) Refer to DUO at next available date
(2) Hemorrhoidal Rectal ointment; insert 1 Applicatorful twice daily X 7 days
(3) Tolnaftate 1% External cream; Apply 1 inch BID x 7 days
(4) F/U PRN

Health Services Signature: [signature]

Date: 6/13/26 Time: 0906

White Copy: To Medical Records Yellow Copy: To Patient Inmate/Resident

Proprietary Information - Not For Distribution - Copyright - Property of CCA